NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3156-15T4

BART COMMODITIES and GO COFFEE,
LLC,

 Plaintiffs-Appellants,

v.

HUDSON COFFEE, INC., ARMENIA COFFEE
CORPORATION, REGAL TRADING, INC.,
JOSEPH APUZZO, JR., and ESTATE OF
JOSEPH APUZZO, SR.,1

 Defendants-Respondents.
_________________________________

 Submitted June 21, 2017 — Decided August 14, 2017

 Before Judges Fuentes and Koblitz.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Hudson County, Docket No.
 C-000082-15.

 Barry, McTiernan and Wedinger, P.C.,
 attorneys for appellants (Laurel A.
 Wedinger, Richard W. Wedinger, and Kerry E.
 Bocchetto, on the briefs).

 Gibbons, P.C., attorneys for respondents
 Regal Trading, Inc. and Joseph Apuzzo, Jr.

1
 All claims against the Estate of Joseph Apuzzo, Sr. have been
dismissed by way of stipulation.
 (Frederick W. Alworth and Jonathan S. Liss,
 of counsel and on the brief).

 Bendit Weinstock, P.A., attorneys for
 respondent Armenia Coffee Corporation
 (James F. Keegan and Sherri Davis Fowler, on
 the brief).

PER CURIAM

 Plaintiffs Bart Commodities (Bart) and Go Coffee, LLC (Go

Coffee) appeal from three February 19, 2016 orders denying the

appointment of a receiver and other relief, dissolving all

previous restraints, denying plaintiffs' motion to amend their

complaint and dismissing plaintiffs' complaint with prejudice.

Plaintiffs are creditors of defendant Hudson Coffee Inc.

(Hudson) and filed a complaint and then sought to file an

amended complaint years after the conclusion of a bankruptcy

action and State court trial and settlement resolving Hudson's

debts. Because the claims asserted in plaintiffs' complaint and

amended complaint were time-barred, we affirm.

 Plaintiffs assert that they are the holders of a loan

agreement with Hudson for $50,000 required to be repaid by

September 2000. They also allege Hudson owed them $17,527 from

a September 7, 2002 invoice. On November 28, 2005, Hudson filed

for bankruptcy and a Chapter 7 Trustee was appointed. Bart was

named as a creditor. Go Coffee was not yet formed. The Trustee

filed a complaint against defendants for fraudulent transfers of

 2 A-3156-15T4
assets from 2000-2004, and alleged that defendants Regal and

Armenia were responsible to Hudson's creditors as successors.

The Trustee also alleged a breach of fiduciary duty and common

law duty of loyalty. In 2006, Hudson's corporate charter was

revoked. On September 17, 2008, the Bankruptcy Court approved a

settlement of the Adversary Proceeding. The decision was

affirmed by the District Court. The estate of Hudson was fully

administered and the trustee of the estate was discharged on

July 7, 2010.

 In 2004, prior to Hudson's filing for bankruptcy, Fourteen

Florence Street Corporation, Mecca & Sons Trucking Company, Inc.

and Helen Mecca (Mecca Entities) filed a State Court complaint

alleging fraud and fraudulent transfers. After removal to the

Bankruptcy Court, the parties filed proofs of claims and Mecca

Entities was permitted to intervene as co-plaintiff with the

trustee. The settlement approved by the trustee provided for a

remand to State Court of plaintiffs' "particularized claims."

In our earlier 2013 unpublished opinion after the appeal of the

trial involving most of these parties, we described in detail

the litigation prior to the 2014 settlement, which occurred

after our remand. Fourteen Florence St. Corp. v. Armenia Coffee

Corp., Nos. A-3097-10, A-3528-10 (App. Div. July 11, 2013) (slip

op. at 3-4). We need not repeat that history here. After a

 3 A-3156-15T4
trial and partial remand after appeal, this action was settled

on September 16, 2014, with a payment by defendants of

$1,950,000. Michael Mecca and others provided defendants with a

complete general release.

 In May 2015, Go Coffee purchased a two-thirds interest in

Bart's $67,527 claim against Hudson, consisting of the loan and

unpaid invoice. Go Coffee also obtained an option to acquire

capital stock in Hudson.

 Plaintiffs filed the underlying complaint on June 8, 2015.

Two months later, plaintiffs sought removal to Bankruptcy Court

and the reopening of Hudson's bankruptcy proceeding. After

reopening the proceeding, the Bankruptcy Court remanded the

matter to the State Court, to determine whether the statute of

limitations had expired. After defendants filed motions to

dismiss, at the end of December 2015 or beginning of January

2016 2 plaintiffs' filed a cross-motion to amend the complaint,

after purchasing a 2008 debt of $51,348 for legal fees connected

with the bankruptcy proceeding in November 2015.

 We apply a plenary standard of review, accepting all facts

in the amended complaint as true, to determine whether

plaintiffs set forth a claim upon which relief can be granted.

R. 4:6-2(e); Gonzalez v. State Apportionment Comm'n, 428 N.J.

2
 We did not receive a copy that had the filing date.
 4 A-3156-15T4
Super. 333, 349 (App. Div. 2012), certif. denied, 213 N.J. 45

(2013).

 The complaint sought payment of a $50,000 loan due in 2000

and an invoice for $17,527 due in 2002. Go Coffee also sought

in the amended complaint to collect the recently acquired

judgment for attorney fees of $51,348, due in 2008. The statute

of limitations for a fraudulent transfer is four years from the

transfer, or one year from the discovery of the transfer.

N.J.S.A. 25:2-31. The statute of limitations for the loan and

fees incurred is six years. N.J.S.A. 2A:14-1; Pellettieri,

Rabstein & Altman v. Protopapas, 383 N.J. Super. 142, 153 (App.

Div. 2006). Plaintiffs acknowledge that those time periods have

passed, but argue that the time limits should be tolled.

 In their amended complaint, plaintiffs sought certification

as a class action for all unpaid creditors of Hudson,

compensatory damages, and various other relief including the

appointment of a receiver and the enforcement of the attorney's

fee judgment. They argue that defendants' fraudulent activities

tolled the applicable statutes of limitations. They also claim

that this new litigation should "relate back" to prior

litigation, pursuant to Rule 4:9-3, which covers "When

Amendments Relate Back" to the original pleading, and does not

 5 A-3156-15T4
discuss a new action relating back to a prior action between

different parties.

 We have long recognized "the strong interests in the

finality of litigation and judicial economy." Jansson v.

Fairleigh Dickinson Univ., 198 N.J. Super. 190, 193 (App. Div.

1985). Seeking a receiver does not in itself toll the statute

of limitations, nor does reframing past claims under new legal

theories. After a plenary review of the pleadings, viewing

plaintiffs' assertions as true, we affirm the decision of the

motion court substantially for the reasons expressed in its

written reasons attached to the orders.

 Affirmed.

 6 A-3156-15T4